**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| **OSCAR LOPEZ, Individually and on behalf of all others similarly situated** | § | |
| ***Plaintiff,*** | § | |
| **v.** | § | **Civil Action No. 7:15-cv-203** |
| **FRANCIS' DRILLING FLUIDS, LTD.** | § | |
| ***Defendant.*** | § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Now come Oscar Lopez ("Plaintiff"), on behalf of himself and all others similarly situated, and file this Original Collective Action Complaint, as follows:

## I. OVERVIEW

1. Plaintiff currently or formerly worked as an employee of Francis' Drilling Fluids, Ltd. ("Francis" or "Defendant").

2. Plaintiff, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*("FLSA").

3. This collective action consists of current and former yard hands or other job titles performing substantially similar job duties as Plaintiff who worked for Defendant in the three (3) years preceding the filing of this suit and who were not paid overtime compensation at one-and-a-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a week in

violation of the FLSA. As explained below, these workers were paid in a manner that violated the FLSA, and thus are owed unpaid overtime compensation.

4. For at least three (3) years prior to the filing of this Complaint, Defendants willfully committed widespread violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

5. Plaintiff and the Potential Class Members routinely work (and worked) in excess of 40 hours per workweek.

6. Plaintiff and the Potential Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

## II.
## THE PARTIES

7. Plaintiff Oscar Lopez ("Lopez") is an individual who resides in Odessa, Ector County, Texas. Plaintiff worked for Francis within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

8. The Potential Class Members are those yard hands who work (or have worked) for Francis in the past three years and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

9. Francis' Drilling Fluids, Ltd. is a Louisiana limited company, having its principal place of business in Crowley, Louisiana, and authorized to do business

[1] The written consent of Oscar Lopez is attached hereto as Exhibit "A."

in the State of Texas. Francis may be served through its registered agent for service, Darrell R. Greer, 919 Milam, Suite 2200, Houston, Texas 77002.

## III.
## JURISDICTION & VENUE

10. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.* Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

11. This Court has personal jurisdiction over Defendant because the cause of action arose within this district as a result of Francis conduct within this district. This Court's exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

12. Venue is proper in the Western District of Texas because, as more fully stated below, this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## IV.
## FLSA COVERAGE

13. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times hereinaftermentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all times hereinaftermentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

16. During the respective periods of Plaintiff's employment by Francis, he provided services for Francis that involved interstate commerce.

17. In performing the operations hereinabove described, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

18. Specifically, Plaintiff and the Potential Class Members are (or were) nonexempt employees who worked for Francis and were engaged in oilfield services that were directly essential to the production of goods for Francis and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

19. The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all Yard Hands who worked for the three years preceding the filing of this lawsuit to

the present and were paid a wage but did not receive overtime."

20. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Francis.

## V.
## FACTS

21. Francis is one of the oldest drilling fluid companies on the Gulf Coast. According to its website, as of November 5, 2015, Francis has locations in Texas, Louisiana, Oklahoma, and Wyoming. *See* www.fdfltd.com.

22. Plaintiff and those similarly situated were employed as Yard Hands or other similar job titles. In this capacity, Plaintiff and those similarly situated performed manual labor related to the transportation, operation and maintenance of equipment used in the oil field.

23. Plaintiff and those similarly situated were not compensated at a rate of one-and-a-half times their regular rate of pay when they worked more than forty (40) hours per week, which they did on a regular basis.

24. Plaintiff and those similarly situated were not required to have an advanced degree to work for Francis.

25. Plaintiff and those similarly situated are blue-collar workers, relying on their hands, physical skills, and energy to perform manual labor.

26. Plaintiff and those similarly situated duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

27. Plaintiff and those similarly situated did not (and currently do not)

have the authority to hire or fire other employees, and they were not (and currently are not) responsible for making hiring or firing recommendations.

28. Moreover, Plaintiff and those similarly situated did not (and currently do not) supervise two or more employees.

29. Plaintiff and those similarly situated work long hours. Specifically, these individuals were required to work twenty-four hours at a time, and regularly worked (and continue to work) more than eighty 80 hours in a week.

30. During the times in which Plaintiff and those similarly situated were required to work, they were refused the right to leave Francis' yard during a twenty-four (24) hour period.

31. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

32. Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

33. Francis did not pay the required overtime for all of the work in excess of forty (40) hours per week.

34. Accordingly, Francis' pay policies and practices blatantly violated (and continue to violate) the FLSA.

## VI.
## CAUSES OF ACTION

### A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA

35. Francis violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise

engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

36. Moreover, Francis knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

37. Francis knew or should have known their pay practices were in violation of the FLSA.

38. Francis is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

39. Plaintiff and those similarly situated, on the other hand, are (and were) unsophisticated laborers who trusted Francis to pay according to the law.

40. The decision and practice by Francis to not pay overtime was neither reasonable nor in good faith.

41. Accordingly, Plaintiff and those similarly situated are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one- and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## B. COLLECTIVE ACTION ALLEGATIONS

42. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

43. Other similarly situated employees have been victimized by Francis' patterns, practices, and policies, which are in willful violation of the FLSA.

44. Francis' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of those similarly situated to Plaintiff.

45. Plaintiff's experiences are typical of the experiences of those similarly situated.

46. The specific job titles or precise job requirements of the various similarly situated employees does not prevent collective treatment.

47. All of those similarly situated—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

48. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

49. Francis employed a substantial number of workers in the United States during the past three years. These workers are geographically dispersed, residing and working in states across the country. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

50. Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Francis will retain the proceeds of its rampant violations.

51. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

## VII.
## RETAILIATION AGAINST OSCAR LOPEZ

52. On or about October 6, 2015, Lopez made a verbal complaint to Tracey (last name unknown), his supervisor at Francis, regarding not being properly paid for the hours worked in excess of forty (40) hours in a given work week, as contemplated by the FLSA.

53. On or about October 7, 2015, Lopez was terminated from his employment with Francis.

54. Lopez was terminated from his employment with Francis because he complained of Francis' pay practices, as more particularly described above, in violation of 29 U.S.C. §215(a)(3).

## VIII.
## RELIEF SOUGHT

55. Plaintiff respectfully prays for judgment against Francis as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Francis to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Francis liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an order awarding Oscar Lopez lost wages, liquidated damages equal to the lost wages, front pay, and compensatory damages;

f. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

g. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

h. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

i. For an Order compelling the accounting of the books and records of Francis; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

LYNCH, CHAPPELL & ALSUP
A Professional Corporation
The Summit, Suite 700
300 North Marienfeld
Midland, Texas 79701
Telephone: 432/683-3351
Fax: 432/683-2587

By: *Lisa K. Hooper*
Lisa K. Hooper
State Bar No. 24047282

ATTORNEYS FOR PLAINTIFF
AND POTENTIAL CLASS
MEMBERS

PLAINTIFF DEMANDS TRIAL BY JURY

# EXHIBIT A

**FLSA CONSENT FORM**

I am a current or former employee of Francis' Drilling Fluids, Ltd. (the "FDF"), and I believe I am entitled to additional wages for unpaid or underpaid hours I worked for FDF in excess of forty hours per week, during the past three years. I wish to be included as a party in the wage claims being asserted against FDF by current and former employees and I hereby give consent to Lisa K. Hooper of Lynch, Chappell & Alsup, P.C. to bring suit against FDF on my behalf under the Fair Labor Standards Act, and to be bound by any settlement of this action or adjudication by the Court, and I authorize this consent to be used in this case or any other related proceeding.

Signature ______________________ Date 11.17.15

Printed Name Oscar Lopez